[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
This is an action for custody, and other relief with respect to a minor child born to the plaintiff on March 4, 2001. The return date of this action is April 24, 2001. Both the plaintiff and the respondent have appeared through counsel and the matter was heard before the Court on diverse days in December 2002. The Court makes the following findings:
The plaintiff, Alice E. Cariseo, gave birth to a minor child named Matthew on March 4, 2001. The defendant, Thomas M. Woodbury, is the acknowledged father of that child. The parties are not married, and both parties as well as the minor child are residents of the State of Connecticut.
The plaintiff, Ms. Cariseo, has another child, Nicholas, from a previous marriage. Nicholas is not an adult and lives with her in her home in West Hartford The defendant, Mr. Woodbury, has adult children from a prior marriage. He lives in Bristol with one of his children, as well as a nephew:
Both parties are mature adults. They have both raised children, they are both fully employed with excellent work histories, they are both responsible, caring and loving parents of Matthew.
The Court has reviewed the evidence, as well as the provisions of the Connecticut General Statutes with regard to custody, child support, and other issues related to this matter.
Based upon the foregoing review, the Court enters the following order:
The parties shall share joint legal custody of the minor child Matthew Cariseo.
The primary residence of the minor child shall be with the plaintiff Alice Cariseo. CT Page 994
The defendant shall have visitation with the minor child each Tuesday and Thursday from 5:45 P.M. to 7:30 P.M.
The defendant shall enjoy visitation each Saturday from 8:30 A.M. to 6:30 P.M.
Beginning February 1, 2003, the Saturday visit will be superceded by the defendant's visitation with the minor child every other weekend from Saturday at 10:00 A.M. until Sunday at 4:00 P.M. That schedule shall continue in effect until the defendants first scheduled visitation in June, at which time the schedule shall remain the same but the weekends shall encompass from Friday at 6:00 P.M. until Sunday at 4:00 P.M.
The parties shall alternate holidays as follows: In even numbered years the plaintiff shall enjoy Christmas Eve from December 24th at 6:00 P.M. to December 25th at 10:00 A.M. The defendant shall enjoy Christmas Day from December 25th at 10:00 A.M. through 7:00 P.M. The plaintiff shall enjoy Easter Sunday from 10:00 A.M. to 6:00 P.M., the Fourth of July holiday weekend, and Thanksgiving from 10:00 A.M. to 6:00 P.M. The defendant shall enjoy the Memorial Day weekend and the Labor Day weekend in those even numbered years. The schedule shall alternate each year.
Each parent shall enjoy Mother's Day and Father's Day each year with the child as appropriate.
Each party shall enjoy two non-consecutive weeks of visitation with the minor child each year. Notice shall be provided for vacation on or before May 1St of each year. The plaintiff/mother shall have preference in even number years and the defendant/father in odd numbered years should there be a conflict as to dates.
The defendant shall pay child support in the amount of Two Hundred Twenty-three and 00/100 ($223.00) Dollars per week for the support of the minor child in accordance with the child support guidelines.
The parties shall alternate the exemption for the minor child for income tax purposes. The plaintiff shall have the exemption in even numbered years, and the defendant in odd numbered years.
The Court finds an arrearage in the amount of One Thousand Twenty-six and 00/100 ($1,026.00) Dollars. Said arrearage shall be paid at the rate of Thirty-four and 00/100 ($34.00) Dollars per week until paid in full.
The plaintiff shall provide medical insurance for the benefit of the CT Page 995 minor child as is available through her employer at a reasonable cost.
The Court further orders that the defendant pay unreimbursed medical, dental, optical and/or prescription and any other medical expense for the minor child at the rate of 57%. The plaintiff is to pay 43% after payment of an initial sum of One Hundred and 00/100 ($100.00) Dollars in each calendar year.
In addition, the defendant shall pay 57% of work related daycare expenses incurred on behalf of the minor child. Those expenses shall be paid directly to the plaintiff, and the plaintiff may be entitled to claim whatever income tax benefit results from the payment of daycare expenses. Defendant shall provide the plaintiff with bills and/or receipts of daycare expenses as they are incurred, but in no event less than one time per month.
Each party shall carry life insurance in the face amount of $100,000.00 naming the child as irrevocable beneficiary until all financial obligations under the terms of this agreement have been fully satisfied.
The Court reserves decision with respect to an educational support order pursuant to the provisions of Connecticut Public Act 02-128.
Each party shall pay their own counsel fees.
 ___________________, J. Robaina
CT Page 996